[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Rachel A. Boudreau and Christopher v. Cournoyer the parties hereto intermarried in Hampton, Connecticut on October 5, 1996.
The parties have resided in the State of Connecticut for at least one year next before the filing of the complaint.
The parties have no minor children issue of this marriage and no minor children have been born to the plaintiff wife since the date of the marriage. CT Page 5352
The marriage of the parties has been of short duration and the plaintiff testified that both parties were immature at the time of the marriage. The parties, after their wedding, had a period where their relationship proceeded normally but soon difficulties surfaced because the defendant was very controlling. The parties, during this period, were given a mutual fund account in the principal balance of $60,000 and because of a profligate lifestyle and their immaturity managed to dissipate the entire amount in fifteen or so months.
The plaintiff's father, Mr. Boudreau testified that after the marriage his daughter the plaintiff was slowly cut off from friends by the defendant. That in his opinion the defendant was paranoid about the world and his behavior toward his daughter caused her to become withdrawn.
In addition, during the period 1995 to 1998, he as administrator of another daughters estate settled a wrongful death case and gave $60,000 in mutual funds to plaintiff and defendant, it being a one-fourth portion of the settlement by way of a gift. Because of the immaturity of the parties they managed to spend it all in fifteen or more months.
After a little over fifteen months of marriage the parties separated and the plaintiff admitted she had had an affair and did not want to be married to the defendant anymore because of his threatening and controlling behavior. The plaintiff brought this petition in February of 1998.
The defendant testified that he and the plaintiff separated in January of 1998. He maintained the plaintiff was unstable and he tried to protect the plaintiff. He admitted on cross-examination that he had spent together with the plaintiff, the money received from the plaintiff's father.
Based on all the testimony of the parties the court finds the marriage has broken down irretrievably and there is no prospect for reconciliation.
The plaintiff is employed.
The defendant is receiving unemployment compensation having been receiving workers compensation. The defendant was released to return to work on or about the end of October 1997. He is attempting to resume employment. When employed as a finish CT Page 5353 carpenter, he can earn as much as $23 per hour.
Based on the evidence and provisions of C.G.S. §46b-81(c)[1] a decree may enter of dissolution of marriage based on irretrievable breakdown.
The defendant is ordered to turn over within thirty days hereof to the plaintiff the following items of her personal property.
1. Plaintiff sewing machine formerly belonging to her deceased sister Amy;
2. A red mandarin style dress belonging to the plaintiff;
3. The wedding silverware;
4. The plaintiff's softball bat;
Each party shall retain his or her own bank accounts and shall pay his or her own credit card debt.
Neither party is awarded any lump sum or periodic alimony.
Plaintiff may have her maiden name restored of Rachel A. Boudreau.
Kocay, J.